[No. 5851.]

IRON SILVER MINING COMPANY ET AL V. WALDRON ET AL.

Writ of Error — Dismissal — A perpetual injunction was awarded restraining an alleged unlawful association from doing certain unlawful acts. It appearing by the record that the association was already dissolved by the lapse of the time for which it was formed, a writ of error to review the decree was dismissed. —(10)

*Error to Lake District Court*—Hon. Frank W. Owers, Judge.

Mr. John A. Ewing and Mr. Charles Cavender, for plaintiffs in error.

Messrs. Richardson & Hawkins, for defendants in error.

*Per Curiam,* Department No. 3:

The plaintiffs in error, upon the complaint of the defendants in error, were enjoined by the district court of Lake county from committing the certain acts mentioned in the complaint. It was charged in the complaint that the plaintiffs in error were engaged in an unlawful combination, as members of The Leadville District Mining Association. The defendants in error are the representatives of The Western Federation of Miners, and brought suit in behalf of themselves and the other members of the Federation. The court found "that the evidence clearly establishes that the purposes of the association complained of are not only in restraint of trade, and calculated to injure the property rights of plaintiffs, but are against public policy, and constitute a flagrant attempt to subject plaintiffs' at present unsuspended rights as individuals to the dictation and control of a voluntary and irresponsible organization"; and made the temporary writ of injunction permanent. The proceeding here is for the purpose of reviewing that judgment.

The Association was formed September 8, 1904. Section 2 of the Articles of Association is as follows:

"Second: These Articles of Association are binding upon each and all the signatory parties hereto, for a period of five years, unless sooner abrogated by a two-thirds vote of the members of the Association taken and cast in the manner herein provided for."

It thus clearly appears that the Association has ceased to exist, and under the authority of *Independent Peerless Co. v. Johnson et al.*, and *People ex rel. Hall, Mayor*, 100 Pac. 1129, the writ of error must be dismissed.                              ·*Dismissed.*